UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| MARCO A. MICHALSKI,<br>*Plaintiff*, | :<br>:<br>: |  |
|  | : | Civil No. 3:19-cv-181 (VAB) |
| v. | :<br>: |  |
| PETER PRIVITERA,<br>*Defendant*. | :<br>:<br>: |  |

**RULING ON MOTION TO REOPEN THE CASE AND AMEND THE COMPLAINT**

Marco A. Michalski ("Plaintiff"), currently incarcerated at Osborn Correctional Institution ("Osborn") in Somers, Connecticut, filed a Complaint *pro se*, under 42 U.S.C. § 1983 ("Section 1983") against Connecticut State Marshal Peter Privitera ("Defendant"), Compl., ECF No. 1 (Feb. 6, 2019). The Court previously dismissed this case. Initial Review Order, ECF No. 11 (Feb. 28, 2020). Mr. Michalski now seeks to reopen that dismissed case and to amend his Complaint. Mot. to Reopen & Amend Compl., ECF No. 13 (Mar. 4, 2020).

For the reasons discussed below, the motion to reopen and to amend the Complaint is **DENIED**.

   **I.   BACKGROUND**

In his Complaint, Mr. Michalski alleged that Marshal Privitera violated his First Amendment right of access to the courts and his Fourteenth Amendment rights to due process and equal protection of the laws by improperly serving a state court complaint. Compl. ¶ 1. Mr. Michalski also asserted state law claims for negligence and forgery. *Id.*

On February 28, 2020, the Court issued an Initial Review Order dismissing all of Mr. Michalski's federal claims and declining to exercise supplemental jurisdiction over the state

claims. Initial Review Order, ECF No. 11 (Feb. 28, 2020). The Court did, however, provide Mr. Michalski the opportunity to move to amend the Complaint as to one claim: his First Amendment claim that Marshal Privitera denied him access to the courts by failing to properly serve process of his complaint in state court, which was allegedly subsequently dismissed for defective process. *Id.* at 9. Mr. Michalski did not initially "describe, or submit a copy of, his state complaint," and the Court therefore could not "determine whether the case was a Section 1983 action or whether the claim asserted was frivolous." *Id.* In other words, the Court could not determine whether "his state case is one for which access to courts is guaranteed" by the First Amendment. *Id.*

Moreover, the Court could not determine whether the state case was actually dismissed for defective process, as Mr. Michalski alleged; or whether, if it had in fact been so dismissed, Mr. Michalski was subsequently unable to refile the case with proper service. *Id.* at 9–10 (citing *Pacheco v. Zurlo*, No. 9:09-CV-1330 TJM ATB, 2011 WL 1103102, at *9 (N.D.N.Y. Feb. 8, 2011) (plaintiff alleging interference with his access to courts "must have been without the opportunity to overcome the impediment before suffering the actual injury" (quoting *Odom v. Baker*, 02–CV–757F, 2008 WL 281789, at *5 (W.D.N.Y. Jan. 31, 2008) (internal quotation marks omitted))), *report and recommendation adopted*, No. 09-CV-1330, 2011 WL 1102769 (N.D.N.Y. Mar. 23, 2011); *Thomas v. Ryan*, 735 F. App'x 351, 352 (9th Cir. 2018) (plaintiff failed to show actual injury where action was dismissed without prejudice and plaintiff was able to refile); *McCrary v. Reed*, No. 1:15-CV-136-SNLJ, 2015 WL 5480216, at *4 (E.D. Mo. Sept. 17, 2015) (same).

The Court thus afforded Mr. Michalski leave to file an amended complaint asserting only the federal claim for denial of access to the courts, "provided he c[ould] allege facts showing that his state court case was a [S]ection 1983 action challenging violation of constitutional rights relating to prison conditions and he was unable to refile the case with proper service." *Id.* at 12.

2

On March 4, 2020, Mr. Michalski filed a motion to amend accompanied by a proposed amended complaint. Mot. to Reopen & Amend Compl. He appended a copy of his state court complaint to the motion to amend. *Id.* at 67–80.

## II.   STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure provides that a party may either amend once as a matter of course within 21 days of service or the earlier of 21 days after service of a required responsive pleading or motion under Rule 12 (b), (e) or (f). Fed. R. Civ. P. 15(a)(1). Once that time has elapsed, a party may move for leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id*.

The decision to grant leave to amend under Fed. R. Civ. P. 15 is within the discretion of the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc[.]" *Id.*; *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)" (internal citations omitted)).

## III.   DISCUSSION

In his state court complaint, Mr. Michalski sued under Section 1983, and alleged that several defendants violated his First Amendment right to religious freedom by requiring him to participate in a Christian faith-based alcohol rehabilitation program under penalty of harsher conditions of confinement. Mot. to Reopen & Amend Compl. at 79. The Court construes this

claim as falling within the category of cases incarcerated people are permitted to file—those challenging their convictions or the conditions of their confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) (limiting prisoners' right of access to the courts to lawsuits challenging their convictions or the conditions of their confinement). Mr. Michalski thus did have a protected right under the First Amendment to access the courts for such a claim.

But the Connecticut Superior Court for the Judicial District of New Haven found that case's complaint service defect to be fatal and dismissed the case for lack of personal jurisdiction over the defendants. *See Michalski v. Erfe*, No. NNH-CV-185042249-S, 2018 WL 7046617, at *2 (Conn. Super. Ct. Dec. 7, 2018). Mr. Michalski argues that his proposed amended complaint "alleges facts [showing] that [he] was unable to refile because the case was dismissed with prejudice for lack of jurisdiction." Mot. to Reopen & Amend Compl. at 3. But this is not so.

The Superior Court did not specify whether it was dismissing Mr. Michalski's complaint with or without prejudice. *See Michalski*, 2018 WL 7046617. And, as the Connecticut Supreme Court has stated, "[i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." *Snow v. Calise*, 174 Conn. 567, 574 (1978). Thus, Connecticut Superior Court dismissals for lack of proper service generally are without prejudice. *See, e.g.*, *Heyde v. Watkins*, No. CV-03-082093S, 2003 WL 22293775, at *3 (Conn. Super. Ct. Sept. 29, 2003) ("this court declines to dismiss this action with prejudice [as requested by defendants] because to do so would preclude the court from adjudicating this case on its merits.").

The Connecticut Superior Court therefore did not dismiss Mr. Michalski's case with prejudice, and nothing in its decision precluded Mr. Michalski from filing a new action asserting the same claims and having that action properly served on the defendants. Moreover, Mr.

Michalski has not made any allegation, nor presented any evidence, suggesting that he attempted to refile and that court precluded him from doing so.

As the Court noted in the Initial Review Order, to state a cognizable claim for interference with his access to the courts, Mr. Michalski "must have been without the opportunity to overcome the impediment." *Pacheco*, 2011 WL 1103102, at *9. As Mr. Michalski presents no allegation or evidence suggesting that he faced an impediment to filing a new action, he fails to establish an actual injury to support a claim for interference with his right of access to the courts. He therefore has not satisfied the Court's requirements for filing an amended complaint and reopening the case.

Accordingly, Mr. Michalski's motion to reopen and amend the Complaint will be denied.

## IV. CONCLUSION

For the reasons stated above, Mr. Michalski's motion to reopen and amend the Complaint is **DENIED**.

The Clerk of the Court is respectfully directed to close this case in accordance with the Initial Review Order.

**SO ORDERED** this 2nd day of August, 2020, at Bridgeport, Connecticut.

/S/
Victor A. Bolden
United States District Judge