# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

MARCO A. MICHALSKI,
    *Plaintiff*,

v.

PETER PRIVITERA,
    *Defendant.*

No. 3:19-cv-0181 (VAB)

## RULING ON MOTION TO RECONSIDER

Marco A. Michalski ("Plaintiff"), currently incarcerated at Osborn Correctional Institution in Somers, Connecticut, filed a Complaint *pro se*, under 42 U.S.C. § 1983 against Connecticut State Marshal Peter Privitera ("Defendant"). Compl., ECF No. 1 (Feb. 6, 2019). The Court dismissed the Complaint without prejudice to Mr. Michalski filing an Amended Complaint asserting only his federal claim for denial of access to the courts if he could "allege facts showing that his state court case was a section 1983 action challenging violation of constitutional rights relating to prison conditions and he was unable to refile the case with proper service." Initial Review Order, ECF No. 11, at 12 (Feb. 28, 2020) ("IRO").

Mr. Michalski filed a motion to reopen the case and amend the Complaint, which was accompanied by a proposed Amended Complaint. Mot. to Reopen & Amend, ECF No. 13 (Mar. 4, 2020). ("Mot. to Reopen"). After examining the state court complaint filed and appended to the motion, the Court determined that the claim was "within the category of cases incarcerated people are permitted to file—those challenging their convictions or the conditions of their confinement." Ruling on Mot. to Reopen the Case and Amend the Compl., ECF No. 16, at 3-4 (Aug. 2, 2020) ("Ruling"). The Court concluded, however, that Mr. Michalski had not shown

that the case had been dismissed with prejudice and that he was unable to refile the action in state court. *Id.* at 4-5. Thus, the Court denied the motion. *Id.* at 5. Mr. Michalski now seeks reconsideration of that decision. Mot. to Reconsider Closing the Case, ECF No. 19 (Aug. 13, 2020) ("Mot. to Reconsider").

For the reasons set forth below, the motion for reconsideration is **DENIED**.

## I. STANDARD OF REVIEW

The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). Thus, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

## II. DISCUSSION

In Mr. Michalski's initial action in state court, the Connecticut Superior Court for the Judicial District of New Haven found service of the complaint to be fatally defective and dismissed the case for lack of personal jurisdiction over the defendants. *See Michalski v. Erfe*, No. NNH-CV-185042249-S, 2018 WL 7046617, at *2 (Conn. Super. Ct. Dec. 7, 2018). After reviewing the

2

opinion, this Court explained in its order denying Mr. Michalski's motion to reopen and amend that the Connecticut Superior Court "did not dismiss Mr. Michalski's case with prejudice, and nothing in its decision precluded Mr. Michalski from filing a new action asserting the same claims and having that action properly served on the defendants." Ruling at 4. This Court further explained that, much to the contrary, Connecticut law shows a clear preference for a dismissal for lack of service to be made without prejudice. *See id.* (citing *Snow v. Calise*, 174 Conn. 567, 574 (1978) ("It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court."); *Heyde v. Watkins*, No. CV-03-082093S, 2003 WL 22293775, at *3 (Conn. Super. Ct. Sept. 29, 2003) ("[T]his court declines to dismiss this action with prejudice [as requested by defendants] because to do so would preclude the court from adjudicating this case on its merits.")).

Mr. Michalski argues that he asked the Connecticut Superior Court, if the case was dismissed, "to please do so without prejudice," and was told by the Judge presiding over the case that if "she was to dismiss the case, which was not at that point decided, that she would have to with prejudice." Mot. to Reopen at 9-10 ¶¶ 34-35.[1] While these allegations appear in the Amended Complaint, Mr. Michalski provides no "new evidence" in his motion to reconsider that would support the claim that the Connecticut Superior Court would not have allowed him to initiate a new case if service was corrected. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted)); *see also YLL*

---

[1] The Court cites to the internal pagination of the Amended Complaint appended to Mr. Michalski's motion to reopen and amend.

*Irrevocable Tr.*, 729 F.3d at 108 (2d Cir. 2013) (same). Mr. Michalski also has not provided law overlooked by the Court, or "matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

In the absence of anything new showing that the Connecticut Superior Court made its decision to dismiss the case with prejudice, or on its merits, or that Mr. Michalski unsuccessfully tried to refile the case in state court, this Court finds no reason to reconsider the decision to deny Mr. Michalski's motion to reopen and amend.

Accordingly, Mr. Michalski's motion for reconsideration will be denied.

### III. CONCLUSION

For the reasons stated above, Mr. Michalski's motion for reconsideration of the order dismissing his motion to reopen and amend claim is **DENIED.** Thus, this case remains closed.

**SO ORDERED** at Bridgeport, Connecticut this 12th day of February, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE